## SUNFLOWER LAND AND MANUFACTURING CO. *v.* JULIUS E. WATTS.

TAX TITLE. *Prima facie evidence Laws* 1888, *p.* 40. *Green* v. *Gibbs.*

Although sec. 3, act 1888 (Laws, p. 40), makes the auditor's deed
to the holder of a tax title under conveyance from the commissioners, in case of *Green* v. *Gibbs,* 54 Miss., 592, *prima facie*
evidence of paramount title, one claiming under such deed
must point out the particular title which the state claimed,
and in aid of which the presumption is invoked when the deed
of the commissioners fails to show when or by what sale title
was acquired by the liquidating levee board. *National Bank,
etc.,* v. *Louisville, etc., R. R. Co.,* 70 Miss., 447, cited.

FROM the chancery court of Sunflower county.

HON. A. H. LONGINO, Chancellor.

Watts, the appellee, was the complainant in the court below,
the appellant, the Sunflower Land and Manufacturing Company, was defendant there. The bill sought to cancel defendants' claim of title to the lands in controversy as a cloud upon
complainant's title. The complainant deraigned title by mesne
conveyances from the United States government. The defendant claimed the land by virtue of a tax sale to the liquidating
levee board, and a deed from Gwin* & Hemingway, commissioners of the chancery court of Hinds county, appointed in the
case of *Green* v. *Gibbs* (*Gibbs* v. *Green,* 54 Miss., 592), and
also a deed from the auditor, made in pursuance of the act
of March 2, 1888 (Laws 1888, p. 40), and mesne conveyances
to itself.

---

*Gwin was the successor of Gibbs, auditor; this explains what otherwise would appear
o be a confusion of names.

*Griffin & Larkin.* for appellant.

Appellant alleged in its answer that the lands in controversy were sold to the liquidating levee board, in 1873 or in 1874, for delinquent taxes due thereon, and in support of the allegation, introduced a deed from Gwin and Hemingway to one under whom it claims, but the deed did not recite when the title it conveyed was acquired by the levee board. Appellant relies on the *prima facie* effect of this deed, given by the first section of the act of 1888, to show ownership in said board.

If the allegation in the answer of a sale in either 1873 or 1874 to the levee board is sufficiently supported by the deed of the commissioners by giving it effect as evidence, as provided by the statute, then the decree should have been for the defendant, and the decree of the lower court must be reversed.

It is true appellee showed a redemption from one sale to the levee board by introducing the deed of Vassar, commissioner, and relied on the case of *Bank* v. *Louisville, etc., Ry. Co.*, 72 Miss., 447, a decision of the court regarding solely the effect and operation of auditor's deeds under the third section of the act of 1888, and having no applicability to the effect of commissioners' deeds under the first section.

Extending the decision properly rendered in the case of *Bank* v. *Louisville, etc., Ry. Co.* to commissioners' deed, would render the statute practically inoperative, and the titles to much of the productive land in the delta would become unsettled.

The preamble to the act recites the evils existing in that portion of the state, owing to uncertainty of land titles and the difficulty of establishing tax titles, by reason of the loss of tax collectors' deeds to the levee board.

To remedy existing evils and render land titles stable, and their validity more certain of ascertainment, the first section provided that the deed of the commissioners should be taken and held as *prima facie* evidence in all the courts of this state, among other things of the authority of the commissioners to sell, and that the land embraced therein was duly and legally

sold to the board of levee commissioners up to and including the sales of 1874 for the taxes due and unpaid thereon.

Now appellee contends that we must, to sustain the levee tax title relied on in this case by defendant, point out some particular sale to the levee board, and endeavors to support his contention by the decision rendered in the case above referred to. He strenuously insists that inasmuch as the commissioner's deed of Gwin and Hemingway failed to recite when the land was sold, it is not *prima facie* proof of any sale to the levee board.

We respectfully call the attention of the court to the failure of appellee to show any statute requiring these deeds to contain such recitals. Nor does the act of 1888 give the benefits enumerated in the first section only to holders of deeds containing any recital, or of any particular form. Nor by this section and act are the presumptions created indulged in favor of some recited sale. Now the very loss of deeds and destruction of records set forth in the preamble to the act preclude the holder of the levee title in many instances, as in this, from showing when, or knowing when, the land was sold for taxes.

*Frank Johnston,* on same side.

The first section of the act of 1888 (Laws, p. 40), provides that the deeds of the liquidating levee commissioners to the purchasers under the decree in the case of *Green* v. *Gibbs et al.,* shall be *prima facie* evidence, first, of the regularity and validity of the chancery court proceedings; second, of the authority of the commissioners to sell the land; third, of the confirmation of the sale; fourth, of the fact that the land had been duly and legally sold to board of levee commissioners.

The contention of our adversaries is that the statute cannot be construed to make the commissioners' deed *prima facie* evidence of the fact of a sale to the liquidating levee board; and the recent decision of this court in *Bank* v. *Louisville, etc., Ry. Co.,* 72 Miss., 447, it is contended is applicable to the case now under consideration.

It is argued that to throw the burden of proving that the land had not been sold to the levee board on the original owner would be, in effect, to make the *prima facie* presumption a conclusive presumption, and thus deprive the owner of his property in violation of constitutional right.

Judge Cooley says on the subject of the guaranty clause of the constitution, in respect to the obligations of contracts: "Laws which change the rules of evidence relate to the remedy only, and while, as we have elsewhere shown, such laws may, on general principles, be applied to existing causes of action, so too it is plain that they are not precluded from such application by the constitutional clause we are considering." Cooley on Constitutional Limitations (3d ed.), 288; *Ib.*, 367; *Ib.*, 368; *Ib.*, 369; *Gibbs* v. *Gale,* 7 Md., 76; *Fales* v. *Wadsworth,* 23 Me., 553; *Rich* v. *Flanders,* 39 N. M., 323; *Southwick* v. *Southwick,* 49 N. Y., 510.

This case is clearly distinguishable from the case of *Bank* v. *Louisville, etc., Ry. Co.,* 72 Miss. The case now before the court is essentially different. The clause of the statute now under consideration expressly declares that the deed shall raise the presumption of the fact of a levee tax sale to the board. No consideration of hardship or injustice are present to influence the construction and application of this statute.

*Baker & Moody,* and *P. C. Chapman,* for appellee.

There are, so far as we have been able to see, but three constructions which the court can put upon the first section of the act of 1888 (Laws, p. 40), either of which taken in connection with the facts in this case, would render the title of the appellant invalid. These constructions are:

1. To construe said section literally, and hold that the deed from Gwin and Hemingway is *prima facie* evidence that the land was sold to the liquidating levee board during each of the years from 1868 to 1874; and,

2. To so construe said section as to hold that said deed is *prima facie* evidence that the land was sold during some one of said years from 1868 to 1874; and,

3. To hold that the *prima facie* effect given said deed only applied where some sale was recited to have been made to said board in the body of the deed from Gwin and Hemingway, levee commissioners, etc., or where some sale is alleged to have been made, and proof thereof made.

1. As to the first construction.

The board of levee commissioners was created in 1867, and the first sale for taxes which could have been made thereunder was in 1868, and the last sale which was made under said act, as this court is aware, was made during the year 1874. The appellants' counsel in the court below insisted that the above mentioned construction should be such as to make the deed from Gwin and Hemingway to its vendor *prima facie* evidence that the land in controversy was sold to the liquidating levee board during each of the years 1868, 1869, 1870, 1871, 1872, 1873, 1874, and place upon the appellee the burden of showing the invalidity of such sales. In the first place, we insist that the language of the section would not support such a construction, but even if this court should be of the opinion that it does, then we insist that to so construe it would be to construe the act as being unconstitutional, or at least that portion of it, and therefore void.

The act recites in its preamble, and in construing it we take it the court will treat it as a fact, that "by reason of the lapse of time, the destruction of records, and the loss of original tax collectors' deeds, it has become difficult in many instances for the purchasers of said lands to establish the title of said liquidating levee board to the same. The act then provides, in section one thereof, that the deed from Gwin and Hemingway, levee commissioners, "shall be taken and held in all the courts of this state as *prima facie* evidence that the land embraced therein was duly and legally sold to the levee commissioners up to and

including the year 1874," etc. In other words, that section provides, or rather the act provides (if the construction asked by appellant is given to it), and in effect says to the purchaser, , that, "As it is impossible for you or any one else to prove that the land embraced in your deed was duly and legally sold to the liquidating levee board, I will make your deed *prima facie* evidence of that fact, and thereby give you a perfect title to the land, even though it may be true that the land was never sold to the levee board for taxes at all." That is the effect of the act, if you give it the construction asked by appellant, for if it be true that by reason of the destruction of records, loss of deeds, etc., it has become impossible for the purchaser to prove that the land was ever sold to the levee board at all, how much more difficult and impossible it is for the owner to prove that the land was not sold. In other words, by such a construction the legislature would impose upon the owner of the land the necessity of proving as a fact that which the act itself recites is difficult or impossible, in many instances, to prove. *Bank* v. *Louisville, etc., Ry. Co.,* 72 Miss., 447.

We therefore insist that to construe the act literally, or as asked by the appellant, would be to construe it as being unconstitutional, or at least to destroy the effect of the deed as evidence by showing the original title, as has been done in this case.

2. As to the second construction.

The said section, as the court will observe, says that the deed from Gwin and Hemingway shall be *prima facie* evidence of the fact that the land was sold to the liquidating levee board up to and including the sales for the year 1874, but rather it is clear, if such an effect should be given the deed at all, that it was sold at one time during some one of the years up to and including the year 1874. Suppose that we give this construction to said section, has the appellee overcome the primal effect of the deed? *Bank* v. *Louisville, etc., Ry. Co., supra.*

We further insist that so far as the deed from Gwin and

Hemingway, levee commissioners, is concerned, the legislature, at the most, only intended that it should be *prima facie* evidence that the land embraced therein was at some time, during the years 1868, 1869, 1870, 1871, 1872, 1873, or 1874, sold to the levee board. The appellee has shown that it was sold during some one of said years, to wit, during the year 1870, on May 12th, so what more could the appellant ask? As that sale has been redeemed, has not the *prima facie* case made by the deed been met and overcome, and if the appellant claims under any other deed to the levee board, has not the burden of proof shifted upon him to prove it? Most assuredly, it seems to us. That proposition is clear, and we think the court will so hold, as it did in construing a similar act in the case above cited.

The appellant does not show any other sale to the levee board, but simply alleges in its answer that a sale was made at some time, for the taxes of 1873 or 1874. Such an allegation is not proof, for he was not called upon to discover his title, and even if he was, his answer is not sworn to, and cannot, therefore, be taken as being true as to such an allegation. *Bank* v. *Louisville, etc., Ry. Co.,* 72 Miss., 447, and authorities there cited.

If it be true, therefore, that the *prima facie* effect of the deed has been met and overcome, and the appellant has failed to show any other sale, it is clear that it derived no title from Gwin and Hemingway, levee commissioners, etc., to its vendor, for the levee board had no title which Gwin and Hemingway could convey.

3. As to the third construction.

As the record fails to show that the deed from Gwin and Hemingway recites that any particular sale was ever made to the levee board, and as the only sale which is shown to have been made to the levee board at all was that made May the 12th, 1870, which appellee's vendor, Hooker, redeemed, it is useless for us to say anything more on this point.

WOODS, C. J., delivered the opinion of the court.

The only question presented by this appeal is as to the effect

of a deed to the land in controversy made by Gwin and Hemingway, levee commissioners, to E. C. Gordon, in the year 1881, viewed in the light of section 1, chapter 23, laws of 1888. The deed from the levee commissioners does not show when, or by what particular sale, the title to the land was acquired by the levee board, and in the case of the *National Bank of the Republic* v. *The Louisville, New Orleans & Texas Railway,* 72 Miss., 447, this court, in construing the third section of this chapter 23, laws of 1888, held that the auditor's deed to purchasers of levee lands, though declared to be evidence of paramount title, did not operate to absolve such purchasers from pointing out the particular title by which the state claimed. That opinion governs the case in hand. We can add nothing to the reasoning employed in the opinion named, and we shall not mar its symmetry by making quotations from it.

*Affirmed.*

CAMPBELL, Special J., delivered the following dissenting opinion:

I dissent *in toto* from the above view.

Hon. J. A. P. Campbell, by agreement, acted as special judge in this case in place of Judge Whitfield, disqualified.